UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

Jason E. Atkinson and Dayna N. Atkinson; and
Curtis A. Olson and Rebecca E. Olson,

                Plaintiffs,                Case No. 23-cv-83

    vs.

Dakota, Minnesota and Eastern Railroad Corporation,
d/b/a Canadian Pacific; Ambe Mata, LLC,
d/b/a Windsor Place; Atul N. Patel; Rohit M. Patel;
and Ohio Security Insurance Company,

                Defendants.

## COMPLAINT AND DEMAND FOR JURY TRIAL

COME NOW Plaintiffs, Jason E. Atkinson, Dayna N. Atkinson, Curtis A. Olson and Rebecca E. Olson (collectively referred to as "Plaintiffs" and individually as Mr. Atkinson, Ms. Atkinson, Mr. Olson and Ms. Olson), and for their claims and causes of action to recover personal injury damages against Defendants, Dakota, Minnesota and Eastern Railroad Corporation, d/b/a Canadian Pacific (referred to as "DM&E"); Ambe Mata, LLC, d/b/a Windsor Place (referred to as "Windsor Place"); Atul N. Patel (referred to as "Mr. A. Patel"); Robit M. Patel (referred to as "Mr. R. Patel); and Ohio Security Insurance Company (referred to as "Ohio Security), state and allege as follows:

### PRELIMINARY STATEMENT

1.    This action is an action to recover personal injury damages suffered by Messrs. Atkinson and Olson during the course and scope of their employment on January 17, 2021 while working as a conductor and engineer (respectively) for DM&E.  On January 17, 2021, Messrs.

Atkinson and Olson occupied a van owned by Mr. A. Patel, the principal agent of Windsor Place, and insured by Ohio Security.  The van was operated by a permissive driver and Windsor Place employee, Mr. R. Patel, and while he transported Messrs. Atkison and Olson from DM&E's depot in Marquette, Iowa to Windsor Place in Prairie du Chien, Wisconsin, Mr. R. Patel negligently and carelessly lost control of the vehicle he was driving, it became airborne, and crashed into an embankment.  Messrs. Atkinson and Olson's claims against DM&E are brought under the Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 51-60.  Plaintiffs' claims against the remaining Defendants are brought under Wisconsin law.

## PARTIES

2.      That at all relevant times herein, Plaintiffs were residents of the State of Iowa.

3.      That at all times relevant herein, DM&E was a corporation duly organized and existing under the laws of the State of Delaware, and was duly licensed and empowered to operate a system of railroads as a common carrier of freight for hire in and through the State of Wisconsin and is engaged as a common carrier in interstate commerce.  DM&E is a wholly owned U.S. subsidiary of Canadian Pacific Railroad, doing business as Canadian Pacific.

4.      That at all times relevant herein, Windsor Place was a Wisconsin limited liability company duly organized under the laws of the State of Wisconsin, and was located in Prairie Du Chien, Wisconsin; and upon information and belief, was acting as DM&E's agent when it provided operational activities for DM&E that included lodging and transporting Messrs. Atkinson and Olson.

5.      That at all times relevant herein and upon information and belief, Mr. A. Patel was a resident of the State of Georgia, was the principal agent of Windsor Place, and was the owner of the involved vehicle, a 2004 Honda Odyssey Van.

2

6.      That at all times relevant herein and upon information and belief, Mr. R. Patel was a resident of the State of Illinois, was an employee of Windsor Place, and was the permissive driver of the involved vehicle on behalf of Windsor Place and DM&E, as its employee and/or agent.

7.      That at all times relevant herein, Ohio Security was a foreign corporation authorized to do and doing substantial business in the State of Wisconsin, and was engaged in the business of selling and writing automobile insurance policies in Wisconsin.

## JURISDICTION AND VENUE

8.      That this Court has subject-matter jurisdiction over Messrs. Atkinson's and Olson's FELA claims under 28 U.S.C. § 1331 (federal question).

9.      That this Court has subject-matter jurisdiction over Plaintiffs' Wisconsin-based claims against the remaining Defendants under 28 U.S.C. § 1332(a) (diversity of citizenship and matter in controversy exceeds $75,000).

10.      That this Court has personal jurisdiction over DM&E since the incident which is the subject of the FELA claims occurred in the State of Wisconsin.

11.      That this Court has personal jurisdiction over Windsor Place since it is located in the State of Wisconsin and the incident which is the subject of the Wisconsin-based claims occurred in the State.

12.      That this Court has personal jurisdiction over Messrs. A. Patel and R. Patel and Ohio Security since they purposefully availed themselves of the privilege of conducting activities in the State of Wisconsin, and the incident which is the subject of this lawsuit occurred in Wisconsin, creating sufficient minimum contacts with the State to permit this Court to exercise jurisdiction over them.

13.     That venue is proper in this Court under 28 U.S.C. § 1391(b)(2) since a substantial part of the events or omissions giving rise to the lawsuit occurred within this district.

14.     That Messrs. Atkinson's and Olson's FELA claims are timely commenced under 45 U.S.C. § 56.

15.     That Plaintiffs' Wisconsin-based claims against the remaining Defendants are timely commenced under Wis. Stat. § 893.54.

## FACTS

Plaintiffs reallege paragraphs 1 through 15 as though set forth at length and in detail herein.

16.     That on January 17, 2021, Mr. Atkinson worked as a conductor for DM&E.

17.     That on January 17, 2021, Mr. Olson worked as an engineer for DM&E.

18.     That on January 17, 2021, DM&E and Windsor Place had an agreement where Windsor Place provided operational services and activities for DM&E including lodging and transporting its employees, making Windsor Place DM&E's agent under the FELA.

19.     That on January 17, 2021, Mr. A. Patel owned a 2004 Honda Odyssey Van (referred to as "the Van"), and the vehicle was listed as a covered vehicle under a policy issued by Ohio Security, and Windsor Place was listed as a named insured under the policy issued by Ohio Security.

20.     That on January 17, 2021, Mr. A. Patel gave Windsor Place permission to transport Messrs. Atkinson and Olson consistent with the agreement that Windsor place would transport and lodge DM&E employees.

21.     That on January 17, 2021, Mr. R. Patel was an employee or agent acting on behalf of Windsor Place and DM&E, and he was given permission to operate the Van to transport Messrs. Atkinson and Olson.

22.     That at about 6:00 a.m. on January 17, 2021, Messrs. Atkinson and Olson brought a train into DM&E's depot in Marquette, Iowa, and were instructed by their supervisors to take the Van waiting at the depot and be transported to Windsor Place.

23.     That at the time and place in question, Mr. Atkinson sat in the seat behind the driver and Mr. Olson sat in the seat behind the front passenger seat of the Van.

24.     That at the time and place in question, Mr. R. Patel drove the Van east from Marquette, Iowa, over the Mississippi River bridge and into Wisconsin on Highway 18.

25.     That at the time and place in question. Mr. R. Patel carelessly and negligently lost control of the Van while operating the vehicle at a high rate of speed.  As a result of Mr. R. Patel's careless and negligent driving the Van crashed into an embankment of a ditch causing severe and permanent injuries to Messrs. Atkinson and Olson.

26.     That as a result of the crash, Messrs. Atkinson and Olson were injured, have suffered severe mental and physical injuries; have suffered permanent injury and disability; have suffered pain in the past and will suffer pain in the future; have incurred expenses for medical treatment, and will incur future expenses associated with medical treatment; have suffered loss of earnings and loss of future earning capacity; and have suffered loss of their enjoyment of living, all to their injury and damage.

## CLAIMS FOR RELIEF

### Count One – Defendant Dakota, Minnesota and Eastern Railroad Corporation, d/b/a Canadian Pacific (FELA)

Plaintiffs re-allege paragraphs 1 through 26 as though set forth at length and in detail herein.

27.     That the injuries and damages suffered by Messrs. Atkinson and Olson were caused, in whole or in part, by the negligence of DM&E, its agents, employees and officers in

violation of 45 U.S.C. § 51 in one or more of the particulars alleged herein:

    a.  Failing to provide Plaintiffs with a reasonably safe place to work;

    b.  Failing to properly hire, train and supervise Windsor Place's driver(s);

    c.  Failing to exercise reasonable care while operating the Van transporting Plaintiffs, including but not limited to keeping a proper lookout, keeping proper control of the Van, and following the rules of the road;

    d.  Failing to follow DM&E's rules and procedures with respect to operating motor vehicles;

    e.  Failing to enforce DM&E's rules and procedures with respect to operating motor vehicles;

    f.  Failing to adopt reasonable rules and procedures with respect to operating motor vehicles;

    g.  Failing to adopt reasonable rules and procedures to ensure agents hired by Windsor Place, on behalf of DM&E, are well rested and in a safe mental capacity to safely transport DM&E employees;

    h.  Failing to follow and abide by Wisconsin Statutes related to operating motor vehicles including:

        i.  Wis. Stat. § 346.57(2): No person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard for the actual and potential hazards then existing. The speed of a vehicle shall be so controlled as may be necessary to avoid colliding with any object, person, vehicle or other conveyance on or entering the highway in compliance with legal requirements and using due care;

        ii.  Wis. Stat. § 346.98(1): No person while driving a motor vehicle may be engaged or occupied with an activity, other than driving the vehicle, that interferes or reasonably appears to interfere with the person's ability to drive the vehicle safely;

    i.  And other acts of negligence as may be determined during discovery and the evidence.

    28.    That DM&E is liable and responsible for the negligent acts of Windsor Place and its employees since Windsor Place was acting as DM&E's agent when it performed operational activities of lodging and transporting DM&E's employees, Messrs. Atkinson and Olson.

29.    That as a result of the negligence of DM&E, its agents, employees and officers, Messrs. Atkinson and Olson were injured, suffered pain in the past and will suffer pain in the future; have incurred expenses for medical treatment, and will incur further like expenses in the future; have suffered loss of earnings and loss of earning capacity; have suffered loss of enjoyment of life; and have suffered permanent injury and disability, all to their injury and damage.

WHEREFORE, Plaintiffs Jason E. Atkinson and Curtis A. Olson pray judgment against the above-named Defendant, Dakota, Minnesota and Eastern Railroad Corporation, d/b/a Canadian Pacific, for recovery of reasonable damages in an amount sufficient to fully compensate Plaintiff Jason E. Atkinson and Plaintiff Curtis A. Olson for the losses and damages, together with their costs and disbursements, post-judgment interest, and for whatever other relief the Court may deem just and equitable.

### Count Two – Defendant Ambe Mata, LLC, d/b/a Windsor Place (Wisconsin law)

Plaintiffs re-allege paragraphs 1 through 29 as though set forth at length and in detail herein.

30.    That at all times material hereto, Mr. R. Patel was Windsor Place's agent or employee and acting within the scope of his employment or agency when he drove the Van transporting Messrs. Atkinson and Olson from DM&E's depot to Windsor Place.

31.    That the negligence of Windsor Place, its drivers, employees and agents, including Mr. R. Patel, was a substantial factor in causing Messrs. Atkinson's and Olson's injuries in one or more of the particulars alleged herein:

a.  Failing to properly hire, train, and supervise its drivers;

b.  Failing to exercise reasonable care while operating the Van transporting Messrs. Atkinson and Olson, including but not limited to keeping a proper lookout, keeping proper control of the vehicle, and following the rules of the road;

7

c.  Failing to follow its rules and procedures with respect to operating motor vehicles;

d.  Failing to enforce its rules and procedures with respect to operating motor vehicles;

e.  Failing to adopt reasonable rules and procedures with respect to operating motor vehicles; and

f.  Other acts of negligence as may be determined during discovery and the evidence.

32.     That Windsor Place is also liable and responsible for the negligent acts of its employee or agent, Mr. R. Patel, who failed to be alert to the existing hazards and reduce his speed to avoid a collision, and was therefore in violation of the following Wisconsin Statutes:

i.  Wis. Stat. § 346.57(2): No person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard for the actual and potential hazards then existing. The speed of a vehicle shall be so controlled as may be necessary to avoid colliding with any object, person, vehicle or other conveyance on or entering the highway in compliance with legal requirements and using due care.

ii.  Wis. Stat. § 346.98(1): No person while driving a motor vehicle may be engaged or occupied with an activity, other than driving the vehicle, that interferes or reasonably appears to interfere with the person's ability to drive the vehicle safely.

33.     That Windsor Place's drivers, employees and agents, including Mr. R. Patel, were in violation of the above-stated Wisconsin laws, among other laws, constitutes negligence *per se.*

34.     That Windsor Place is liable and responsible for the acts of its driver, Mr. R. Patel, who operated the Van in question in a negligent and reckless manner while in the scope of his employment or agency; and, as a result, Messrs. Atkinson and Olson were injured, suffered pain in the past and will suffer pain in the future; have incurred expenses for medical treatment, and will incur further like expenses in the future; have suffered loss of earnings and loss of earning capacity; have suffered loss of their enjoyment of life; and have suffered permanent injury and disability, all to their injury and damage.

WHEREFORE, Plaintiffs Jason E. Atkinson and Curtis A. Olson pray judgment against the above-named Defendant, Ambe Mata, LLC, d/b/a Windsor Place, for recovery of reasonable

damages in an amount sufficient to fully compensate Plaintiff Jason E. Atkinson and Plaintiff

Curtis A. Olson for the losses and damages, together with their costs and disbursements, pre-

judgment and post-judgment interest, and for whatever other relief the Court may deem just and

equitable.

### Count Three – Defendant Rohit M. Patel (Wisconsin law)

Plaintiffs re-allege paragraphs 1 through 34 as though set forth at length and in detail

herein.

35.     That the negligence of Mr. R. Patel was a substantial factor in causing Messrs.

Atkinson's and Olson's injuries in one or more of the particulars alleged herein:

a. Failing to properly hire, train, and supervise its drivers;

b. Failing to exercise reasonable care while operating the Van transporting Plaintiffs, including but not limited to keeping a proper lookout, keeping proper control of vehicle, and following the rules of the road;

c. Failing to follow its rules and procedures with respect to operating motor vehicles;

d. Failing to enforce its rules and procedures with respect to operating motor vehicles;

e. Failing to adopt reasonable rules and procedures with respect to operating motor vehicles; and

f. Other acts of negligence as may be determined during discovery and the evidence.

36.     That Rohit M. Patel also failed to be alert to the existing hazards and reduce his

speed to avoid a collision, and was therefore in violation of the following Wisconsin Statutes:

i. Wis. Stat. § 346.57(2): No person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard for the actual and potential hazards then existing. The speed of a vehicle shall be so controlled as may be necessary to avoid colliding with any object, person, vehicle or other conveyance on or entering the highway in compliance with legal requirements and using due care.

ii. Wis. Stat. § 346.98(1): No person while driving a motor vehicle may be engaged or occupied with an activity, other than driving the vehicle, that interferes or reasonably appears to interfere with the person's ability to drive the vehicle safely.

37.     That Mr. R. Patel's violations of the above-stated Wisconsin laws, among other laws, constitutes negligence *per se.*

38.     That as a result of Mr. R. Patel operating the Van in question in a negligent and reckless manner, Messrs. Atkison and Olson were injured, suffered pain in the past and will suffer pain in the future; have incurred expenses for medical treatment and will incur further like expenses in the future; have suffered loss of earnings and loss of earning capacity; have suffered loss of their enjoyment of life; and have suffered permanent injury and disability, all to their injury and damage.

WHEREFORE, Plaintiffs Jason E. Atkinson and Curtis A. Olson pray judgment against the above-named Defendant, Defendant Rohit M. Patel, for recovery of reasonable damages in an amount sufficient to fully compensate Plaintiff Jason E. Atkinson and Plaintiff Curtis A. Olson for their losses and damages, together with their costs and disbursements, pre-judgment and post-judgment interest, and for whatever other relief the Court may deem just and equitable.

### Count Four – Defendants Ambe Mata, LLC, d/b/a Windsor Place, Atul N. Patel, Rohit M. Patel, and Ohio Security Insurance Company (Wisconsin Law)

Plaintiffs re-allege paragraphs 1 through 38 as though set forth at length and in detail herein.

39.     That Ohio Security was at all times material hereto, the liability insurer of Windsor Place, and at the time in question Ohio Security issued an insurance policy naming Windsor Place as an insured and listing the Van owned by Mr. A. Patel as a covered vehicle.

40.     That at all times material hereto, the insurance policy, which made Ohio Security the insurer, indemnified Windsor Place and its employees and agents who were permissive drivers of the listed vehicles, including the Van operated by Mr. R. Patel.

41.     That at all times material hereto, Mr. R. Patel was acting within the scope of his employment and as an agent of Windsor Place when he drove the Van transporting Messrs. Atkinson and Olson from DM&E's depot to Windsor Place.

42.     That the damages and injuries sustained by Messrs. Atkinson and Olson were the result of the negligence of Mr. R. Patel, in the operation of the Van owned by Mr. A. Patel, used by Windsor Place, and insured by Ohio Security.

WHEREFORE, Plaintiffs Jason E. Atkinson and Curtis A. Olson pray judgment against the above-named Defendants, Ambe Mata, LLC, d/b/a Windsor Place, Atul N. Patel and Rohit M. Patel, jointly and severally, for recovery of reasonable damages in an amount sufficient to fully compensate Plaintiff Jason E. Atkinson and Plaintiff Curtis A. Olson for their losses and damages, together with their costs and disbursements, pre-judgment and post-judgment interest, and for whatever other relief the Court may deem just and equitable.

### Count Five -- Defendants Ambe Mata, LLC, d/b/a Windsor Place, Atul N. Patel, Rohit M. Patel, and Ohio Security Insurance Company (Wisconsin Law)

Plaintiff re-alleges paragraphs 1 through 42 as though set forth at length and in detail herein.

43.     That by reason of her husband, sustaining injuries as herein before stated, Ms. Atkinson has in the past and will in the future be deprived of the services, society, comfort, companionship and consortium of her husband, Plaintiff Jason E. Atkinson, and by reason of the foregoing, has sustained damages.

44.     That by reason of her husband, sustaining injuries as herein before stated, Ms. Olson has in the past and will in the future be deprived of the services, society, comfort, companionship and consortium of her husband, Plaintiff Curtis A. Olson, and by reason of the foregoing, has sustained damages.

WHEREFORE, Plaintiffs, Dayna N. Atkinson and Rebecca E. Olson, pray judgment against the above named Defendants, Ambe Mata, LLC, d/b/a Windsor Place, Atul N. Patel, Rohit M. Patel, and Ohio Security, jointly and severally, for recovery of reasonable damages in an amount sufficient to fully compensate Plaintiff Dayna N. Atkinson and Plaintiff Rebecca E. Olson for the losses and damages, together with their costs and disbursements, pre-judgment and post-judgment interest, and for whatever other relief the Court may deem just and equitable.

**PLAINTIFFS DEMAND TRIAL BY A JURY OF SIX.**

Dated this 3rd day of February 2023.

**HUNEGS, LeNEAVE & KVAS, P.A.**

By: *s/Cortney S. LeNeave*
Cortney S. LeNeave, MN 018424X
Thomas W. Fuller, MN 0394778
Isabel S. Johnson, MN ID 0402429
1000 Twelve Oaks Center Drive, Suite 101
Wayzata, MN 55391
Tel: (612) 339-4511
Fax: (612) 339-5150
cleneave@hlklaw.com
tfuller@hlklaw.com
ijohnson@hlklaw.com

**ATTORNEYS FOR PLAINTIFF**